MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

ARNULFO VASQUEZ and ALEJANDRO
MENDOZA, *individually and on behalf of
others similarly situated,*

|  |  |
|---|---|
| | **COMPLAINT** |
| *Plaintiffs*, | **COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)** |
| -against- | **ECF Case** |

YOUNG CHOW GARDEN, INC. (d/b/a NEW
ASIA CHINESE RESTAURANT), CHANG
SU, and JOHN DOE,

                                                    *Defendants.*
-------------------------------------------------------X

Plaintiffs Arnulfo Vasquez and Alejandro Mendoza, individually and on behalf of others

similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace &

Associates, P.C., upon their knowledge and belief, and as against Young Chow Garden, Inc. (d/b/a

New Asia Chinese Restaurant) ("Defendant Corporation") and Individual Defendants Chang Su

and JOHN DOE , allege as follows:

## NATURE OF THE ACTION

1.     Plaintiffs are former employees of defendants Young Chow Garden, Inc. (d/b/a

New Asia Chinese Restaurant), Chang Su and JOHN DOE (collectively, "Defendants").

2.      Defendants own, operate, or control a Chinese restaurant located at 666

Amsterdam Avenue, New York, NY 10025, under the name "New Asia Chinese Restaurant."

3.      Upon information and belief, individual defendants Chang Su and JOHN DOE serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiffs were ostensibly employed by Defendants as delivery workers. However, they were required to spend a considerable part of their work day performing non-tipped, non-delivery duties including stocking sodas and other drinks in the refrigerator (hereinafter the "non-tipped, non-delivery duties").

5.      At all times relevant to this Complaint, Plaintiffs worked for Defendants without appropriate minimum wage compensation for the hours that they worked each week.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked.

7.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they worked over 10 hours per day.

8.      Defendants employed and accounted for Plaintiffs as delivery workers in their payroll, but in actuality their duties required greater or equal time spent in non-tipped, non-delivery duties.

9.      Regardless, at all times Defendants paid Plaintiffs at a rate that was lower than the required tip-credit rate.

10.      Under state law, Defendants were not entitled to take a tip credit because Plaintiffs' non-tipped non-delivery duties exceeded 20% of each workday (12 N.Y.C.R.R. §146-2.9).

11.      Upon information and belief, Defendants employed the policy and practice of disguising Plaintiffs' actual duties in payroll records to avoid paying Plaintiffs at the minimum

wage rate and to enable them to pay Plaintiffs at a rate that was lower than the tip credit rate (which they still failed to do), by designating them as delivery/tipped workers instead of non-tipped non-delivery employees.

12.    Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

13.    Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

14.    Plaintiffs seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

15.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

16.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants

operate a Chinese restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

### *Plaintiffs*

17.     Plaintiff Arnulfo Vasquez ("Plaintiff Vasquez" or "Mr. Vasquez") is an adult individual residing in New York County, New York.  Plaintiff Vasquez was employed by Defendants from approximately March 27, 2016 until on or about December 2016 and from approximately May 2017 until on or about June 6, 2017.

18.     Plaintiff Alejandro Mendoza ("Plaintiff Mendoza" or "Mr. Mendoza") is an adult individual residing in Queens County, New York. Plaintiff Mendoza was employed by Defendants from approximately March 2016 until on or about December 9, 2016.

### *Defendants*

19.     At all relevant times, Defendants own, operate, or control a Chinese restaurant located at 666 Amsterdam Avenue, New York, NY 10025 under the name "New Asia Chinese Restaurant."

20.     Upon information and belief, Young Chow Garden, Inc. (Defendant Corporation) is a domestic corporation organized and existing under the laws of the State of New York.

21.     Upon information and belief, Defendant Corporation maintains its principal place of business at 666 Amsterdam Avenue, New York, NY 10025.

22.     Defendant Chang Su is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

23.     Defendant Chang Su is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation.

24.     Defendant Chang Su possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, and establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.     Defendant JOHN DOE is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

26.      Defendant JOHN DOE is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation.

27.     Defendant JOHN DOE possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, and establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

28.     Defendants operate a Chinese restaurant located in the Upper West Side section of Manhattan in New York City.

29.     Individual defendants, Chang Su and JOHN DOE possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

30.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

31.    Each Defendant possesses substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

32.    Defendants jointly employ Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

33.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

34.    Upon information and belief, individual defendants Chang Su  and JOHN DOE operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

  a.    failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a corporation,

  b.    defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

  c.    transferring assets and debts freely as between all Defendants,

- 6 -

    d.   operating Defendant Corporation for their own benefit as the sole or majority

        shareholders,

    e.   operating Defendant Corporation for their own benefit and maintaining control

        over it as a closed corporation,

    f.   intermingling assets and debts of their own with Defendant Corporation,

    g.   diminishing and/or transferring assets of Defendant Corporation to avoid full

        liability as necessary to protect their own interests, and

    h.   other actions evincing a failure to adhere to the corporate form.

35.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

36.     In each year from 2016 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

37.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis were goods produced outside of the State of New York.

*Individual Plaintiffs*

38.     Plaintiffs are former employees of Defendants who were ostensibly employed as delivery workers.  However, they spent a considerable amount of time performing the non-tipped, non-delivery duties described above.

39.     Plaintiffs seek to represent a class of similarly situated individuals under 29

U.S.C. 216(b).

*Plaintiff Arnulfo Vasquez*

40.    Plaintiff Vasquez was employed by Defendants from approximately April 27, 2016 until on or about December 2016 and from approximately May 2017 until on or about June 6, 2017.

41.    Defendants ostensibly employed Plaintiff Vasquez as a delivery worker.

42.    However, Plaintiff Vasquez also was required to spend a significant portion of his work day performing the non-tip duties described above.

43.    Plaintiff Vasquez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

44.    Plaintiff Vasquez's work duties required neither discretion nor independent judgment.

45.    From approximately March 2016 until on or about July 2016, Plaintiff Vasquez worked from approximately 5:00 p.m. until on or about 11:00 p.m. Sundays, Mondays, Wednesdays, and Thursdays and from approximately 11:00 a.m. until on or about 11:00 p.m. Tuesdays (typically 36 hours per week).

46.    From approximately August 2016 until on or about December 2016, Plaintiff Vasquez worked from approximately 5:00 p.m. until on or about 11:00 p.m. Sundays, Tuesdays, Wednesdays, and Thursdays (typically 24 hours per week).

47.    From approximately May 2017 until on or about June 5, 2017, Plaintiff Vasquez worked from approximately 5:00 p.m. until on or about 11:00 p.m. Tuesdays, Wednesdays, and Thursdays (typically 18 hours per week).

48.     Throughout his employment with defendants, Plaintiff Vasquez was paid his wages in cash.

49.     From approximately March 2016 until on or about December 2016, defendants paid Plaintiff Vasquez a fixed salary of $20 per day.

50.     From approximately May 2017 until on or about June 5, 2017, defendants paid Plaintiff Vasquez a fixed salary of $25 per day.

51.     Plaintiff Vasquez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

52.     For example, Defendants required Plaintiff Vasquez to work an additional hour after his scheduled departure time, and did not pay him for the additional time he worked.

53.     Defendants never granted Plaintiff Vasquez any break or meal period of any length.

54.     Defendants never notified Plaintiff Vasquez that his tips were being included as an offset for wages.

55.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Vasquez's wages.

56.     No notifications, either in the form of posted notices or other means, were ever given to Plaintiff Vasquez regarding the minimum wage under the FLSA and NYLL.

57.     Plaintiff Vasquez was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

58.     Furthermore, Defendants did not provide Plaintiff Vasquez with a statement of wages with each payment of wages, as required by NYLL 195(3).

59.    Defendants never gave any notice to Plaintiff Vasquez, in English and in Spanish (Plaintiff Vasquez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

60.    Defendants required Plaintiff Vasquez to purchase "tools of the trade" with his own funds—including a bicycle, lights, a helmet, vest, and bike maintenance.

*Plaintiff Alejandro Mendoza*

61.    Plaintiff Mendoza was employed by Defendants from approximately March 2016 until on or about December 9, 2016.

62.    Defendants ostensibly employed Plaintiff Mendoza as a delivery worker.

63.    Plaintiff Mendoza regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

64.    Plaintiff Mendoza's work duties required neither discretion nor independent judgment.

65.    From approximately March 2016 until on or about December 9, 2016, Plaintiff Mendoza worked from approximately 5:00 p.m. until on or about 11:00 p.m., Tuesdays, Fridays, and Saturdays (typically 18 hours per week).

66.    For approximately one month in the time period listed above, Plaintiff Mendoza worked from approximately 11:00 a.m. until on or about 11:00 p.m. on Tuesdays and from approximately 5:00 p.m. until on or about 11:00 p.m. Fridays and Saturdays (typically 24 hours per week).

67.    Throughout his employment with defendants, Plaintiff Mendoza was paid his wages in cash.

- 10 -

68.     Throughout his entire employment with Defendants, Plaintiff Mendoza was paid a fixed salary of $20 per day and $40 when he worked a 12 hour shift.

69.     Plaintiff Mendoza's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

70.     For example, Defendants required Plaintiff Mendoza to work an additional hour past his scheduled departure time on several occasions, and did not pay him for the additional time he worked.

71.     Defendants never granted Plaintiff Mendoza any break or meal period of any length.

72.     Plaintiff Mendoza never was notified by Defendants that his tips were being included as an offset for wages.

73.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Mendoza's wages.

74.     No notifications, either in the form of posted notices or other means, were ever given to Plaintiff Mendoza regarding the minimum wage under the FLSA and NYLL.

75.     Plaintiff Mendoza was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

76.     Furthermore, Defendants did not provide Plaintiff Mendoza with a statement of wages with each payment of wages, as required by NYLL 195(3).

77.     Defendants never gave any notice to Plaintiff Mendoza, in English and in Spanish (Plaintiff Mendoza's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

- 11 -

78.     Defendants required Plaintiff Mendoza to purchase "tools of the trade" with his own funds—including a bicycle and a helmet.

*Defendants' General Employment Practices*

79.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work without paying them the appropriate minimum wage and spread of hours pay as required by federal and state laws.

80.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

81.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling below the required tip-credited wage rate.

82.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

83.     Defendants required Plaintiffs to perform general non-delivery, non-tipped restaurant tasks in addition to their primary duties as delivery workers.

84.     Plaintiffs were employed ostensibly as tipped employees by Defendants, although their actual duties included greater or equal time spent performing non-tipped duties.

85.     These Plaintiffs were not even paid at the lowered tip-credited rate by Defendants. However, under state law, Defendants were not entitled to a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less). 12 N.Y. C.R.R. § 146.

86.    New York State regulations provide that an employee cannot be classified as a tipped employee "on any day… in which he has been assigned to work in an occupation in which tips are not customarily received."  (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

87.    Plaintiffs' duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated general restaurant work with duties including the non-tipped, non-delivery duties described above.

88.    In violation of federal and state law, as discussed above, Defendants classified Plaintiffs as tipped employees but did not even pay them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

89.    Defendants failed to inform Plaintiffs that their tips would be credited towards the payment of the minimum wage.

90.    Defendants failed to maintain a record of tips earned by Plaintiffs for the deliveries they made to customers.

91.    All Plaintiffs were paid their wages entirely in cash.

92.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

93.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

94.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

95.    Defendants' unlawful conduct was intentional, willful, in bad faith, and has caused significant damages to Plaintiffs and other similarly situated current and former delivery workers.

96.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

97.    Defendants failed to provide Plaintiffs and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay, as required by NYLL §195(3).

98.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

99.     Plaintiffs bring their FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

100.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or were similarly situated, have had substantially similar job requirements and pay provisions.

101.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or were similarly situated, were subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the minimum wage.

102.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or were similarly situated, were subject to Defendants' willful failure to keep records required by the FLSA.

103.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

104.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

105.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

106.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

107.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

108.    In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiffs at the applicable minimum hourly rate.

109.    Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

110.    Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

111.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

- 16 -

112.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

113.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

114.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

115.    Plaintiffs were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR)

116.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

117.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

118.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

119.    Plaintiffs were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW)

121.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

122.     Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

123.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

124.     Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

125.     With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay as required by NYLL 195(3).

126.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

127.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

128.    Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as BICYCLES, further reducing their wages in violation of the FLSA and NYLL. 29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

129.    Plaintiffs were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(c)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(d)    Declaring that Defendants' violation of the provisions of the FLSA were willful

as to Plaintiffs (including the prospective collective class members);

(e)    Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)    Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(h)    Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

(i)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages, and any deductions or credits taken against wages;

(j)    Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs;

(k)    Awarding Plaintiffs damages for the amount of unpaid minimum wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(l)    Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)    Awarding Plaintiffs liquidated damages in an amount equal to one hundred

percent (100%) of the total amount of minimum wage and spread of hours pay, shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)    Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(o)    Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

(p)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)    All such other and further relief as the Court deems just and proper.


## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        July 21, 2017

                                        MICHAEL FAILLACE & ASSOCIATES, P.C.

                                By:    _____/s/ Michael Faillace_____
                                        Michael Faillace [MF-8436]
                                        MICHAEL FAILLACE & ASSOCIATES, P.C.
                                        60 East 42nd Street, suite 4510
                                        New York, New York 10165
                                        Telephone: (212) 317-1200
                                        Facsimile: (212) 317-1620

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

———————

Faillace@employmentcompliance.com

April 10, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Alejandro Mendoza

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                 _Alejandro Mendoza_

Date / Fecha:                      10 de abril de 2017

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
Faillace@employmentcompliance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

June 6th, 2017

BY HAND

To: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                         Arnulfo Vasquez _____

Legal Representative / Abogado:        Michael Faillace & Associates, P.C. _____

Signature / Firma:                     _____

Date / Fecha:                          _____ June 6th, 2017 _____